Commonwealth *v.* Harris, Appellant.

Submitted June 12, 1972. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Packel, JJ.

*Jack M. Myers* and *Zack and Myers,* for appellant.

*Steven H. Goldblatt* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Packel, J., November 16, 1972:

It is the duty of a judge to transfer a criminal proceeding to the juvenile court if "it shall be ascertained

that the person charged with the offense was under the age of 16 years at the time the alleged offense was committed. . . ."[1] The appellant at the time of the offense was less than 16 but he told the court he was 19. He asks for post-conviction relief on the ground that the criminal court had no jurisdiction.

If the statute made non-age a jurisdictional matter,[2] the conviction might well be improper notwithstanding appellant's false testimony. However, the statute here does not deprive the court of jurisdiction but imposes a duty to transfer only if non-age was *ascertained* during the pendency of the criminal charge.

Order affirmed.

---

[1] Act of June 2, 1933, P. L. 1433, §14 *as amended*, 11 P.S. §256.

[2] A survey of other jurisdictions reveals a divergence of opinion. For those courts which consider non-age to be a matter of jurisdiction, *see*, *State v. Dubray*, 121 Kan. 886, 250 P. 316 (1926) ; *White v. Commonwealth*, 242 Ky. 736, 47 S.W. 2d 548 (1932) ; *State v. Walker*, 178 La. 635, 152 So. 315 (1934) ; *Wheeler v. Shoemake*, 213 Miss. 374, 57 So. 2d 267 (1952) ; *Ex parte Pyzer*, 29 Okla. Cr. 156, 232 P. 962 (1925) ; *Ex parte Albiniano*, 62 R.I. 429, 6 A. 2d 554 (1939). For those courts which consider non-age to be a mere defense, *see*, *People v. Luzovich*, 127 C.A. 465, 16 P. 2d 144 (1932) ; *State v. Flores*, 332 Mo. 74, 55 S.W. 2d 953 (1932) ; *State v. Klingenberger*, 113 Ohio 418, 149 N.E. 395 (1925) ; *Valdez v. State*, 98 Tex. Crim. 166, 265 S.W. 161 (1924) ; *State ex rel. Hinkle v. Skeen*, 138 W. Va. 116, 75 S.E. 2d 223 (1953), *cert. denied* 345 U.S. 967 (1953). The jurisdictional viewpoint was explicitly adopted by the American Law Institute, *Model Penal Code*, §4.10 comment (Tent. Draft No. 7, 1957) at 20.