486 A.2d 521

**COMMONWEALTH of Pennsylvania**

v.

**Edward GLESSNER, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Jan. 4, 1985.

Petition for Allowance of Appeal Denied July 2, 1985.

---

142

Harold Diamond, Philadelphia, for appellant.

Thomas R. Quinn, Assistant District Attorney, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Edward Glessner, having been tried and convicted in Philadelphia Municipal Court for violations of the Uniform Firearms Act,[1] appealed to the Court of Common Pleas. Upon trial de novo before the Honorable Stanley L. Kubacki, sitting without a jury, Glessner was found guilty of having a fully loaded, unlicensed revolver in his possession on March 15, 1981. Post-verdict motions were denied, and a sentence of two and one-half to five years imprisonment was imposed. On direct appeal, Glessner contends that: (1)

1. 18 Pa.C.S. §§ 6106, 6108.

his right to a speedy trial both in Municipal Court and in the Court of Common Pleas, as guaranteed by Pa.R.Crim.P. 6013, was violated; (2) the trial court erred in denying a motion to suppress the evidence seized at the time of appellant's arrest; and (3) prior counsel rendered ineffective assistance. We find no merit in these contentions; and, accordingly, we affirm the judgment of sentence.

■ Glessner's preliminary arraignment on the Municipal Court charges took place on March 16, 1981. Pursuant to Pa.R.Crim.P. 6013(a)(2), trial on these charges was required to be commenced within 120 days, i.e., on or before July 16, 1981. On April 2, 1981, Glessner collapsed during police interrogation and was committed to St. Luke's Hospital, where he was found to be suffering from viral hepatitis. He remained hospitalized, under medication and paralyzed for much of the time, until October 30, 1981. On November 17, 1981, a hearing on defendant's motion to suppress physical evidence was held and the motion denied; his trial in Municipal Court took place immediately thereafter.

Pursuant to Pa.R.Crim.P. 6013(d)(2)(i),[2] the period of Glessner's unavailability for trial must be excluded in computing the time for commencement of trial. Glessner was unavailable for a period of 197 days because he was hospitalized. See: *Commonwealth v. Caden,* 326 Pa.Super. 192, 201, 473 A.2d 1047, 1051 (1984) (defendants who are hospitalized when seriously ill are deemed unavailable for Rule 1100 purposes). Accord: *Commonwealth v. Whitner,* 278 Pa.Super. 175, 420 A.2d 486 (1980); *Commonwealth v. Quinlan,* 259 Pa.Super. 536, 393 A.2d 955 (1978). When the period of 197 days is excluded from the period preceding appellant's trial on November 17, 1981, it is quite clear that appellant's trial was held within the time constraints of Rule 6013. In view of the excludable time, it is unneces-

2. Pa.R.Crim.P. 6013(d)(2)(i) provides:
   (d) In determining the period for commencement of trial, there shall be excluded therefrom:
   (2) such period of delay at any stage of the proceedings as results from:
   (i) the unavailability of the defendant or his attorney[.]

sary to review the court's order of August 10, 1981, which granted an extension of time within which to commence trial.

After an appeal had been filed in the Court of Common Pleas, an order was entered on April 15, 1982 which extended the time of trial until May 13, 1982. This order was entered with the express agreement of defense counsel who told the court, in Glessner's presence, that the Commonwealth's request had been discussed and would not be opposed. Appellant, therefore, will not be heard to challenge the propriety of this extension order. See: *Commonwealth v. Brown*, 497 Pa. 7, 12, 438 A.2d 592, 595 (1981); *Commonwealth v. Sutherland*, 305 Pa.Super. 1, 6–7, 451 A.2d 1, 3 (1982).

■ The evidence showed that on March 15, 1981, at or about 9:25 p.m., two Philadelphia police officers who were on routine patrol in the 800 block of Rising Sun Avenue observed appellant lying on the front seat of a parked Chevrolet Nova. His head was under the dashboard, and his body was lying across the passenger's side of the front seat. Officer Leo Jackson approached the passenger's side of the parked car and asked appellant if the car belonged to him. Appellant said that it did, but he was unable to furnish any proof of ownership. Appellant was then asked to step out of the vehicle. When he did so, Jackson observed three live bullets on the floor of the driver's side. Appellant was thereupon frisked; and a fully loaded revolver was found tucked in his waistband.

After a pre-trial motion to suppress this evidence had been heard in the Municipal Court, the Honorable Joseph R. Glancey held as follows:

THE COURT: I'm denying the motion. I think the officer has a right seeing the defendant lying under the dashboard on the driver's side to ask at least "Is that your car". When the defendant said he didn't have a registration the officer had a right to ask him to step out of the car. Seeing the bullets, the rounds in plain view he

had a right, at least had reasonable suspicion to perform a pat down.

This ruling was affirmed by Judge Kubacki of the Court of Common Pleas. We agree that the motion to suppress was properly denied.

Glessner had been observed by police at or about 9:25 p.m., in the dark of night, under the dashboard of a parked car in a business district of Philadelphia. Officer Jackson could reasonably approach Glessner and inquire as to the reason for his presence in the car. " 'There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets.' " *Commonwealth v. Jones,* 474 Pa. 364, 370, 378 A.2d 835, 838 (1977), *cert. denied,* 435 U.S. 947, 98 S.Ct. 1533, 55 L.Ed.2d 546 (1978), quoting from *Terry v. Ohio,* 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889, 913 (1968) (White, J., concurring). "[A] policeman may approach a citizen on the streets in order to put himself in a position to address those questions to the citizen." *Commonwealth v. Hall,* 475 Pa. 482, 488, 380 A.2d 1238, 1241–1242 (1977). See: *United States v. Mendenhall,* 446 U.S. 544, 553–554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497, 508–509 (1980) (plurality opinion); *Commonwealth v. Williams,* 287 Pa.Super. 19, 22–24, 429 A.2d 698, 700–701 (1981). Once Officer Jackson had determined that Glessner could not offer proof of his ownership of or rightful presence in the parked car, he could properly ask Glessner to get out of the car so that he could maintain the status quo and obtain more information. *Adams v. Williams,* 407 U.S. 143, 145–146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 616–617 (1972); *Commonwealth v. O'Neal,* 321 Pa.Super. 323, 325, 468 A.2d 500, 502 (1983); *Commonwealth v. Brown,* 243 Pa.Super. 285, 288, 365 A.2d 853, 855 (1976). See: *Terry v. Ohio, supra; Commonwealth v. Hall, supra; Commonwealth v. Evans,* 314 Pa.Super. 16, 460 A.2d 350 (1983); *Commonwealth v. Woodard,* 307 Pa.Super. 293, 453 A.2d 358 (1982). When Officer Jackson observed live bullets on the floor of the car, he could then conduct a patdown of Glessner's person for his own safety.

*Terry v. Ohio, supra,* 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909; *Commonwealth v. Sheridan,* 292 Pa.Super. 278, 284–285, 437 A.2d 44, 46–47 (1981); *Commonwealth v. King,* 247 Pa.Super. 443, 447, 372 A.2d 908, 910 (1977). See: *Commonwealth v. Hook,* 313 Pa.Super. 1, 459 A.2d 379 (1983).

■ The thrust of Glessner's ineffective assistance of counsel argument is that suppression counsel in the Municipal Court failed to call two witnesses to testify at the suppression hearing or, in the alternative, obtain a continuance of the hearing to obtain the witnesses' presence at a later hearing. This argument arises because the Common Pleas Court held that the witnesses had been available at the time of the proceedings in the Municipal Court and, therefore, refused to permit relitigation of the suppression issues in the Court of Common Pleas. This was in keeping with Pa.R.Crim.P. 323(j) which permits relitigation of suppression issues when the defense has acquired evidence that was previously unavailable. See: *Commonwealth v. Harmon,* 469 Pa. 490, 498 n. 11, 366 A.2d 895, 899 n. 11 (1976) (litigation of suppression motion in Municipal Court bars relitigation of same issue upon trial de novo except on a showing that the evidence was unavailable at the time of trial).

■ At the hearing on post-trial motions, the burden was upon Glessner to prove that prior counsel had rendered ineffective assistance by failing to call the two alleged witnesses at the suppression hearing. This he failed to do. Counsel is presumed effective, and "the burden of establishing counsel's ineffectiveness rests upon his client." *Commonwealth v. Clemmons,* 505 Pa. 356, 361–362, 479 A.2d 955, 958 (1984). Accord: *Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984); *Commonwealth v. Dunbar,* 503 Pa. 590, 596, 470 A.2d 74, 77 (1983); *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 481–482, 482 A.2d 968, 973–74 (1984). Where a convicted defendant challenges his attorney's failure to procure the assistance of putative witnesses, the burden is

upon the defendant to prove that the witnesses had favorable testimony to offer and that the defendant identified them or informed counsel of their existence. See: *Commonwealth v. Clemmons, supra,* 505 Pa. at 365, 479 A.2d at 959; *Commonwealth v. Allen,* 501 Pa. 525, 533–534, 462 A.2d 624, 629 (1983); *Commonwealth v. Wade,* 501 Pa. 331, 333, 461 A.2d 613, 614 (1983); *Commonwealth v. Anderson,* 501 Pa. 275, 287, 461 A.2d 208, 215 (1983); *Commonwealth v. Bailey,* 322 Pa.Super. 249, 262, 469 A.2d 604, 611 (1983); *Commonwealth v. Blackwell,* 312 Pa.Super. 117, 122, 458 A.2d 541, 544 (1983).

At the post-trial hearing on appellant's averments that counsel had rendered ineffective assistance, appellant expressed a desire to represent himself, with counsel standing by to render assistance if requested. The court admonished him regarding the dangers inherent in self-representation but acceded to appellant's request. Counsel remained present during the hearing on post-trial motions where suppression hearing witnesses were identified as Robert Ruddy and Patricia Canoe. Ruddy was asserted to have been present at the time of appellant's arrest, and Patricia Canoe, appellant's aunt, was alleged to have been the owner of the vehicle in which appellant was found. However, no testimony was offered. Neither Ruddy nor Ms. Canoe was called to give testimony during the post-trial hearing.[3] Thus, there is no record and no way of knowing that the testimony which they would have given, if called as witnesses during the pre-trial suppression hearing, would have been helpful. The aunt's ownership of the car, standing alone, was not determinative or even relevant to the existence of reasonable suspicion or probable cause on the part of the arresting officer. Moreover, there is no evidence that suppression counsel had been aware of these witnesses or the facts, if any, which their testimony would have imparted. Thus, it is patently clear that appellant failed to

---

3. Robert Ruddy was not present during the post-trial hearing. Patricia Canoe was present but did not testify.

prove ineffective assistance of counsel during the pre-trial proceedings.

■ In an attempt to avoid the consequences of this deficiency, Glessner also contends that stand-by counsel was ineffective during the post-trial, evidentiary hearing because he failed to advise appellant fully. This argument is frivolous. Glessner voluntarily chose to represent himself despite the court's clear admonition regarding the pitfalls of such a procedure. The argument on appeal that a defendant received ineffective assistance of counsel "is not available to one who insists on self-representation." *Commonwealth v. Andrews*, 282 Pa.Super. 115, 130, 422 A.2d 855, 862 (1980). Glessner expressed no dissatisfaction with the service of post-trial counsel at the time of the hearing. He cannot now challenge his own ineffectiveness or shift the responsibility therefor to stand-by counsel, who occupied only an advisory role. See: *Commonwealth v. Celijewski*, 324 Pa.Super. 185, 190, 471 A.2d 525, 528 (1984).

Judgment of Sentence affirmed.