549 A.2d 1280

COMMONWEALTH of Pennsylvania

v.

Dennis (Africa) SIMS, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 29, 1988.

Filed Oct. 19, 1988.

Brian R. Williams, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying relief under the Post Conviction Hearing Act ("PCHA"). Appellant asserts that (1) the trial court lacked jurisdiction because the court never ascertained that appellant was not a minor at the time of trial and, (2) that stand-by counsel rendered ineffective assistance of counsel. Finding no merit to appellant's contentions, we affirm.

As a result of his participation in a confrontation between police and MOVE members in Philadelphia on May 20, 1977, appellant was convicted by jury of riot, criminal conspiracy, terroristic threats, and possession of a prohibited weapon. Following the denial of post-trial motions, the trial court sentenced appellant to concurrent sentences of twenty-six months to seven years for the criminal conspiracy and riot charges and one to five years for the weapon and terroristic threats charges, to run concurrent with the previous sentences.

This Court affirmed the judgement of sentence in an unpublished memorandum. *Commonwealth v. Africa*, 339 Pa.Super. 612, 488 A.2d 1161 (1984). On June 6, 1985, the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal.

Appellant filed a *pro se* PCHA petition on May 7, 1987. Appointed counsel, on December 1, 1987, submitted a "no merit" letter to the PCHA court. After undertaking independent review of the record, the PCHA court dismissed appellant's petition. This appeal followed.

Appellant contends that the trial court did not determine appellant's age and, therefore, did not have jurisdiction over

the case. During the colloquy regarding appellant's ability to proceed *pro se*, the following exchange transpired:

The Court: Mr. Dennis Africa, will you stand up, please? How old are you?

[Appellant]: The age of life.

The Court: That doesn't mean anything to me. Are you past 21 years of age, or don't you know?

[Appellant]: I don't know.

The Court: You look to me to be an adult over 21 years of age.

[Appellant]: Okay.

Transcript at 2.4–2.5.

We have decided that non-age is not a matter of jurisdiction. *Commonwealth v. Harris*, 223 Pa.Super. 11, 297 A.2d 154 (1972). Our opinion in *Harris* is instructive in resolving the instant complaint: [1]

It is the duty of a judge to transfer a criminal proceeding to the juvenile court if "it shall be ascertained that the person charged with the offense was under the age of sixteen years at the time the alleged offense was committed...." The appellant at the time of the offense was less than 16 but he told the court he was 19. He asks for post-conviction relief on the ground that the criminal court had no jurisdiction.

If the statute made non-age a jurisdictional matter, the conviction might well be improper notwithstanding appellant's false testimony. However, the statute here does not deprive the court of jurisdiction but imposes a duty to

**1.** We acknowledge that the Court in *Harris* quotes 11 P.S. § 256, which has been repealed. We note, however, that 42 Pa.C.S.A. § 6301 *et seq.*, which governs juvenile matters, contains a similar provision as that quoted by the *Harris* court:

[I]f it appears to the court in a criminal proceeding other than murder, that the defendant is a child, this chapter shall immediately become applicable, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or judge of the court assigned to conduct juvenile hearings....

42 Pa.C.S.A. § 6322(a). A child is defined as an individual who is under the age of 18 years. *Id.* at 6302(1).

This difference does not affect the rule that we garner from *Harris*.

transfer only if non-age was *ascertained* during the pendency of the criminal charge.

*Id.*, 223 Pa.Superior Ct. at 11–12, 297 A.2d 154 (footnotes omitted) (emphasis in original).

██ Non-age, then, does not deprive a court of jurisdiction over a juvenile. Rather, 42 Pa.C.S.A. § 6321(a), contained in the Juvenile Act which governs juvenile matters, imposes a duty upon the trial court to transfer the case to juvenile court "if it appears to the court ... that the defendant is a child." Instantly, the court determined that appellant appeared to be over 21 years of age. Moreover, appellant refused to divulge his age to the court. In addition, the Juvenile Act provided appellant the opportunity to request that his case be transferred to juvenile court and appellant failed to avail himself of this opportunity prior to prosecution. *Id.* at § 6355. Therefore, he cannot now offer proof of his age nor complain that the court acted improperly by not transferring the matter to juvenile court. *See Harris.*

██ Appellant further attempts to blame stand-by counsel for not objecting to the trial court's failure to transfer. The record reflects, however, that appellant chose to proceed *pro se:*

> The Court: ... [W]e have a request by these three defendants to represent themselves, so I think we will have to conduct the colloquy as to whether or not that selection was voluntary and intelligently made.
>
> *   *   *   *   *   *
>
> The Court: Do you know how to read or write?
>
> [Appellant]: A little bit.
>
> The Court: How far did you go in school?
>
> [Appellant]: Seven.
>
> The Court: Have you ever represented yourself in a criminal case before?
>
> [Appellant]: Yeah.
>
> *   *   *   *   *   *

[Commonwealth]: ... I think the defendant ought to be aware of the fact that if he waives the assistance of counsel that he will not be permitted to at some time in the future raise the issue of ineffective assistance; that he is prohibited by our law from raising his own ineffective assistance and therefore he will waive that appellate right.

The Court: You heard what Mr. Richman said. Do you want an explanation?

[Appellant]: No, I don't want none.

The Court: Do you understand it?

[Appellant]: Yeah.

The Court: If the Court permits you to conduct your own defense and you are not successful, then you have to suffer the consequences; you can't blame it on anybody else. All right? Now, if you think this is a laughing matter the Court will very quickly come to the conclusion that you are not competent to represent yourself.

\* \* \* \* \* \*

The Court: ... I am granting you conditionally your request to represent yourselves.... If the court finds at anytime you are disrupting the trial and do not comply with the Court's orders to desist, to behave yourselves properly as a lawfully permitted member of the Court would do, then you will cease to represent yourselves and your backup counsel will take over in your place.

Transcript at 2.5–2.9; 2.20.

Our decision in *Commonwealth v. Glessner*, 337 Pa.Super. 140, 486 A.2d 521 (1985), governs appellant's attempt to invoke the ineffectiveness of stand-by counsel:

... Glessner also contends that stand-by counsel was ineffective during the post-trial, evidentiary hearing because he failed to advise appellant fully. This argument is frivolous. Glessner voluntarily chose to represent himself despite the court's clear admonition regarding the pitfalls of such a procedure. The argument on appeal that a defendant received ineffective assistance of counsel "is not available to one who insists on self-representa-

tion." *Commonwealth v. Andrews,* 282 Pa.Super. 115, 130, 422 A.2d 855, 862 (1980).

*Id.,* 337 Pa.Superior Ct. at 146–48, 486 A.2d at 524–25.

We, therefore, refuse to address appellant's assertion that stand-by counsel was ineffective. Appellant cannot shift the responsibility for his own performance to stand-by counsel, "who occupied only an advisory role." *Id.,* 337 Pa.Superior Ct. at 148, 486 A.2d at 525, *citing Commonwealth v. Celijewski,* 324 Pa.Super. 185, 190, 471 A.2d 525, 528 (1984).

The order of the PCHA court is affirmed.