630 A.2d 47

COMMONWEALTH of Pennsylvania, Appellant,

v.

John ANDERSON.

Superior Court of Pennsylvania.

Argued April 21, 1993.

Filed Aug. 20, 1993.

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Karl L. Morgan, Philadelphia, for appellee.

Before CIRILLO, KELLY and CERCONE, JJ.

KELLY, Judge.

The Commonwealth brings this appeal asking us to determine whether the Trial Division court erred in dismissing charges against appellee on the ground that the Trial Division of the Court of Common Pleas had no subject matter jurisdiction where appellee committed crimes at age sixteen (16), fled, was arrested for a different crime at age nineteen (19), fled again, and then was apprehended at age twenty-two (22) for yet another set of crimes, and the Commonwealth sought to recharge appellee as an adult for those crimes allegedly

committed as a juvenile. We reverse and remand the matter to the Trial Division court for the reasons stated below.[1]

The relevant facts and procedural history of this case may be summarized as follows. In 1985, while at age sixteen (16), appellee allegedly participated in a fight with another teenager in a playground and struck the teenager in the head with a baseball bat. Subsequently, appellee was arrested and charged with possession of an instrument of crime generally,[2] possession of a weapon,[3] recklessly endangering another person,[4] simple assault,[5] and aggravated assault.[6] Appellee failed to appear for his scheduled hearing in the Family Court Division. Due to appellee's failure to appear, a bench warrant was issued.

In 1988, while at age nineteen (19), appellee allegedly committed the offense of retail theft.[7] According to the record, appellee once again failed to appear for his scheduled hearing. As a result, the Philadelphia Municipal Court issued another bench warrant for appellee's arrest.[8]

In 1991, appellee, at age twenty-two (22), was arrested on other charges. The Commonwealth recharged appellee as an

---

1. The Trial Division and Family Court Division are two administrative units of the Court of Common Pleas of Philadelphia County. 42 Pa.C.S.A. § 952; 42 Pa.C.S.A. § 951. In addition, the Court of Common Pleas has unlimited original jurisdiction over all cases. Pa. Const. Art. V. § 5(b); 42 Pa.C.S.A. § 931; *Commonwealth v. Green*, 232 Pa.Super. 134, 144 n. 16, 335 A.2d 493, 498 n. 16 (1975). "[E]ach division of the court is vested with the full jurisdiction of the whole court...." 42 Pa.C.S.A. § 952.

2. 18 Pa.C.S.A. § 907(a).

3. 18 Pa.C.S.A. § 907(b).

4. 18 Pa.C.S.A. § 2705.

5. 18 Pa.C.S.A. § 2701.

6. 18 Pa.C.S.A. § 2702.

7. 18 Pa.C.S.A. § 3929.

8. We note that there is a discrepancy in the facts. Although it is somewhat illegible, Exhibit B of appellee's brief reveals that appellee's retail theft charges were later dismissed by the Municipal Court. However, the certified record indicates that, under appellee's retail theft charge heading, a bench warrant was issued because appellee was at large.

adult with the crimes he allegedly committed at the age of sixteen (16). Also at this time, the Family Court Division lifted appellee's first bench warrant and transferred the case to the Trial Division on the ground that appellee was no longer a "child" as defined in the Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.*

■ The court in the Trial Division heard and granted appellee's oral motion to dismiss the adult, formerly juvenile, charges on the ground that the court in the Trial Division of the Court of Common Pleas lacked jurisdiction over juvenile offenders. The Trial Division then remanded the case to the Juvenile Division and quashed all bills of information. However, the Trial Division court later vacated its order granting appellee's motion and allowed the Commonwealth's petition to reconsider. Nonetheless, following reconsideration, the Trial Division court affirmed its decision to dismiss for lack of subject matter jurisdiction and denied relief to the Commonwealth. The Commonwealth filed this timely appeal.[9]

In its appeal, the Commonwealth argues that appellee, who committed crimes at age sixteen (16), then remained on fugitive status until recaptured at age twenty-two (22), is no longer a child as defined by the Juvenile Act. Therefore, the Trial Division court erred in dismissing the charges against appellee on the ground that the court has no jurisdiction because appellee is no longer a child within the definition of the Juvenile Act. The Commonwealth further asserts that appellee can be tried as an adult in the Trial Division because appellee, by virtue of his sustained fugitive status, forfeited his opportunity to benefit from being tried as a child in the Family Court Division.

9. By dismissing for the lack of subject matter jurisdiction, the trial court's order disposes of all charges made by the Commonwealth and serves to put the litigants out of court, thus making the order final. *Commonwealth v. Rosario*, 419 Pa.Super. 481, 486, 615 A.2d 740, 743 (1992); *Commonwealth v. Swartz*, 397 Pa.Super. 157, 160, 579 A.2d 978, 980 (1990); Pa.R.App.P. 341(b). As a final order, this Court has jurisdiction to entertain the Commonwealth's appeal. 42 Pa.C.S.A. § 742; *Rosario, supra*, 419 Pa.Super. at 485, 615 A.2d at 743.

Appellee, on the other hand, contends that he should still be considered a child under the Juvenile Act because he is being charged with crimes allegedly committed at age sixteen (16). Appellee concludes that he should be tried in the Family Court Division.

■ The Juvenile Act defines a child in 42 Pa.C.S.A. § 6302 as follows:

"**Child.**" An individual who:

(1) is under the age of 18 years;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

(3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years.

■ In the instant case, although appellee allegedly committed certain crimes before reaching the age of eighteen (18), he is now over the age of twenty-one (21). Appellee's current age places him outside the Juvenile Act's definition of a child. Therefore, the Juvenile Act does not apply to him. 42 Pa. C.S.A. § 6302(2). The inapplication of the Act to the appellee, however, does not mean that he inhabits a jurisdictional limbo between the Family Court Division and the Trial Division. Because of his current age, appellee is not a child.[10] Thus, he should be tried as an adult in the Trial Division.

10. Appellee's reliance on *Commonwealth v. Iafrate*, 527 Pa. 497, 594 A.2d 293 (1991) is misplaced. In *Iafrate*, the Pennsylvania Supreme Court determined that the appellant in that case was a child as defined by the Juvenile Act because he committed an assault and was arrested on the day before his eighteenth (18th) birthday. *Id.* at 502, 594 A.2d at 295–96. The sole concern in *Iafrate* was whether the method of computing the age of an individual for the purposes of the Juvenile Act was the same as the method under the common law. The *Iafrate* court reasoned:

To begin, one of the stated goals of the Juvenile Act is to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the statutes. 42 Pa.C.S.

Appellee would have been tried as a child if it were not for his deliberate avoidance of the justice system. The instant case is analogous to *Commonwealth v. Sims*, 379 Pa.Super. 252, 255, 549 A.2d 1280 (1988), *allocatur denied*, 521 Pa. 630, 558 A.2d 532 (1989). In *Sims*, appellant refused to reveal his age to the Trial Division trial court. *Id.* at 254, 549 A.2d at 1280–81. On appeal, appellant claimed that the trial court lacked jurisdiction because it never properly ascertained that appellant was a child at the time of trial. *Id.* This Court held that "the Juvenile Act provided appellant the opportunity to request that his case be transferred to Juvenile Court and appellant failed to avail himself of this opportunity" by not divulging his correct age. *Id.* at 255, 549 A.2d at 1281. Even if the appellant had been a minor at the time of trial, which

§ 6301(b)(1). *See also Commonwealth v. Davis*, 330 Pa.Super. 551, 479 A.2d 1041 (1984), *aff'd*, 510 Pa. 536, 510 A.2d 722 (1986). Hence, our juvenile justice system is primarily rehabilitative in nature.... Moreover, since the Juvenile Act is rehabilitative in nature, an extension rather than a restriction of the protective period of the Act is consistent with the directive that all but certain classes of statutes "shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S. § 1928(c). Conversely, since the Crimes Code is obviously penal in nature, its application should be strictly construed against the party seeking enforcement and in favor of the defendant. 1 Pa.C.S. § 1928(b)(1). Therefore, we are convinced that the General Assembly did not intend the common law rule, which provides that a person reaches his next year in age the day prior to the anniversary of his birthdate, to apply to the Juvenile Act.... For purposes of the Act, an individual becomes a year older on the day of his birthday and not the day before.
*Id.* at 500–02, 594 A.2d at 295 (footnote omitted).

Obviously, the appellee in the instant case was a child when he allegedly committed the crimes at issue. Beyond that, *Iafrate* ceases to be instructive. Additionally, considering the goals of the Juvenile Act as stated in *Iafrate*, appellee no longer falls under the Act's protective ambit due to his current age and his self-imposed denial of the Act's protection. Moreover, appellee's metaphor of the middle-aged person stigmatized by a criminal conviction for a minor juvenile offense is inappropriate and, for obvious reasons, self-serving. Appellee has hardly demonstrated the long-standing law abiding career following a minor incident as a child of his metaphorical middle-aged person. Here, appellee is being prosecuted at age twenty-two (22), and has an ongoing history of criminal charges he is endeavoring to elude, including, *inter alia*, an aggravated assault allegedly committed at age sixteen (16).

was not determined, he waived his right to be transferred to Family Court Division by refusing to reveal his age.

■ Similarly, appellee, by virtue of his flight, denied himself the opportunity to be tried in the Family Court Division. Specifically, appellee did not appear at his scheduled hearing in Family Court in 1985. Appellee's action, thus, forfeited any benefits he might have derived from the Juvenile Court system. *See Commonwealth v. Jones*, 530 Pa. 536, 610 A.2d 439 (1992) (holding that appellant's voluntary escape acts as *per se* forfeiture of his right to appeal).

■ As an alternative argument, appellee points out that the Commonwealth had appellee in its control at age nineteen (19) when he was arrested for retail theft. Appellee contends that the Commonwealth should have seized the opportunity to recharge appellee with his previous crimes at that time because, at age nineteen (19), he would still be considered a child under the Juvenile Act. Appellee concludes that the Commonwealth should be barred from recharging appellee as an adult with those crimes allegedly committed at age sixteen (16) due to the Commonwealth's failure to recharge appellee at age nineteen (19), when it had the opportunity to do so.

Yet, the appellee fails to proffer record evidence that the Commonwealth was even aware of appellee's prior juvenile charges. Appellee also neglects to present any evidence that he informed the Commonwealth that he was available to be tried on the juvenile charges, that he requested that the Commonwealth try him as a juvenile pursuant to 42 Pa.C.S.A. § 6302(2), or that he otherwise availed himself of the benefits of the Juvenile Act when they were his as of right. Thus, appellee's alternative argument is groundless.[11]

11. *See, e.g., Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (holding that petitioner's due process right to a speedy trial was not violated where his conduct, *i.e.* not objecting to eleven (11) continuances by the Commonwealth, reflected that he did not want a speedy trial); *Commonwealth v. Tilley*, 528 Pa. 125, 595 A.2d 575 (1991) (holding that appellant's constitutional right to a speedy trial was not violated on the ground that, *inter alia,* appellant did not request a dismissal for alleged speedy trial violations until approximately a year after the original run date). *See also United States v. Aguirre*, 994 F.2d

Based upon the foregoing analysis, we conclude that the trial court erred in dismissing the charges against appellee on the ground that the Trial Division of the Court of Common Pleas of Philadelphia County lacked subject matter jurisdiction. We remand the matter to the Trial Division court for further proceedings in accordance with this opinion.

Order reversed and remanded. Jurisdiction is relinquished.

1454 (9th Cir.1993) (if defendant is culpable in causing the delay of prosecution, such as when the defendant actively evades prosecution, prejudice growing from delay cannot inure to defendant's benefit).