J-S80023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: W.A.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: W.A.M. | No. 444 MDA 2016 |

Appeal from the Adjudication of Delinquency Entered February 23, 2016
In the Court of Common Pleas of Adams County
Juvenile Division at No: CP-01-JV-0000122-2015

BEFORE: LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 13, 2017**

Appellant, W.A.M., appeals from the February 23, 2016 adjudication of delinquency. Because the juvenile court lacked jurisdiction, we vacate the adjudication.[1]

The juvenile court summarized the pertinent facts:

> [E]vidence at the [delinquency] hearing revealed that in April of 2012, W.A.M. babysat a 6-year-old female child (S.H.). At the time, W.A.M. was 17 years old. According to S.H., W.A.M. took off his clothes, laid in bed with her, grabbed her hand, and tried to make her touch his 'private part.' On an anatomical photo, S.H. circled the male penis as the area being referred to by the words 'private part.' S.H. also testified that he touched

---

[1] Normally, the adjudication of delinquency is not a final, appealable order. **Commonwealth v. Kiker**, 432 A.2d 1115, 1116 (Pa. Super. 1981). Rather, the juvenile must await the juvenile court's order of disposition. Under the unique circumstances of this case, however, the adjudication was the juvenile court's final pronouncement on the matter.

her 'private part' defining the reference as the area she used for going to the bathroom. On an anatomical drawing, she identified her 'private part' as her genital area. Although she could not identify whether he touched her private part over or under her clothing, she claimed it 'felt weird.' She also indicated that she told him to stop on two occasions but he didn't honor her request.

Juvenile Court Opinion, 6/2/16, at 1-2.

Based on those facts, the juvenile court adjudicated Appellant delinquent under 18 Pa.C.S.A. § 3126(a)(7)—indecent assault of a person less than 13 years of age—at the conclusion of the February 23, 2016 adjudication hearing. Because Appellant was 21 years old on that date, the juvenile court ordered W.A.M. to provide fingerprints and a DNA sample and directed the Adams County Juvenile Probation Department to close the case. The juvenile court did not proceed with a dispositional proceeding under Rules 500-516 of the Rules of Juvenile Procedure.

On appeal, W.A.M. challenges the sufficiency and weight of the evidence supporting the adjudication. Before we consider the merits we must address a jurisdictional issue. This court may raise issues of jurisdiction *sua sponte*. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

By its own terms, the Juvenile Act applies to persons less than 21 years of age. 42 Pa.C.S.A. § 6302 (defining "Child") and 6303(a)(1). Thus, the juvenile court loses jurisdiction when the child reaches 21 years of age. ***Commonwealth v. Monaco***, 869 A.2d 1026, 1029 (Pa. Super. 2005),

*appeal denied*, 880 A.2d 1238 (Pa. 2005). Indeed, Rule 630 of the Rules of Juvenile Procedure requires the juvenile court to enter an order terminating court supervision when the juvenile attains the age of 21. Pa.R.J.C.P. 630. The Comment to Rule 630 provides: "The Juvenile Court has jurisdiction of a delinquent child if the child is under twenty-one years and has committed an act of delinquency prior to the age of eighteen." Pa.R.J.C.P. 630, comment.

In **Monaco**, the defendant was 22 years old when he was arrested for crimes he committed when he was 15 years old. **Id.** at 1027-28. We wrote: "[defendant] was twenty-two years old at the time he was arrested for the relevant offenses. Accordingly, [defendant] did not satisfy the statutory definition of a child at that time, and he no longer fell within the ambit of the juvenile justice system." **Id.** at 1029. The Commonwealth prevailed in its effort to try the defendant as an adult. **Id.** at 1029-30.

Likewise, in **Commonwealth v. Anderson**, 630 A.2d 47, 48 (Pa. Super. 1993), the defendant was arrested for crimes he committed at age 16, but fled. The defendant was arrested again at age 19, fled again, and was finally apprehended at age 22. **Id.** The Commonwealth sought to recharge the defendant as an adult for the offenses he committed at age 16. **Id.** The defendant argued the Commonwealth could not do so because the defendant was a "child" under § 6302 of the Juvenile Act for purposes of the offenses he committed when he was 16. This Court held that the defendant

- 3 -

was not a child within the meaning of the Juvenile Act because he was 22 years old at the time the Commonwealth sought to recharge him. *Id.* at 49-50. The *Anderson* Court noted that the defendant lost the protection of the Juvenile Act by fleeing from justice for six years, and the Commonwealth therefore prevailed in its effort to charge the defendant as an adult. *Id.* at 50. The *Monaco* Court relied on *Anderson*, noting that "[a]bsent some improper motivation for the delay, we conclude that *Anderson* is applicable. *Monaco*, 869 A.2d at 1030.

Instantly, the record reflects that police interviewed the victim on October 23, 2014. The Commonwealth filed a written allegation (Pa.R.J.C.P 231) and delinquency petition (Pa.R.J.C.P. 330) on October 5, 2015. The juvenile court scheduled an adjudication hearing for November 3, 2015. On October 16, 2015, the Commonwealth filed a motion to continue the hearing because the Assistant District Attorney handling the case was unavailable on November 3, 2015. The juvenile court granted the motion and rescheduled the hearing for December 2, 2015. On December 2, 2015, Appellant's counsel filed a motion to continue the hearing to February 23, 2016. The motion noted that the ADA did not oppose the continuance. The juvenile court granted the motion and continued the hearing. December 25, 2015 was Appellant's twenty-first birthday.

The record does not divulge the reason for the delay of nearly one year between the police interview of the victim and the filing of the written

allegation. When the Commonwealth filed the written allegation in early October, 2015, Appellant was only two and one-half months away from his twenty-first birthday. The hearing did not take place prior to Appellant's birthday because both parties filed unopposed motions for a continuance. The record does not evidence any improper motive to avoid prosecution on Appellant's part, and the Commonwealth has not attempted to charge Appellant as an adult. Pursuant to § 6302, *Monaco*, and *Anderson*, the juvenile court's jurisdiction lapsed when Appellant reached his twenty-first birthday. We vacate the adjudication of delinquency because the juvenile court lacked jurisdiction over Appellant on the date of the adjudicatory hearing.

Adjudication of delinquency vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017