**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH FAISON | : | |
| | : | |
| Appellant | : | No. 2379 EDA 2022 |

Appeal from the PCRA Order Entered August 12, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001675-2016

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 21, 2023**

Appellant, Kenneth Faison, appeals from the August 12, 2022 order that denied his petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. In addition, Appellant's appointed counsel, Damien D. Brewster, Esq., has filed a Petition to Withdraw as Counsel and an accompanying **Turner**/**Finley** "no merit" Brief.[1] After review, we grant counsel's application and affirm the PCRA court's Order denying Appellant's request for discovery and his ineffective assistance of counsel claim.

**A.**

On December 9, 2015, at around 8:30 PM, Appellant walked into a Circle K convenience store, pulled out a gun, and demanded and took money from

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the cashier. Store surveillance cameras recorded the robbery which clearly captured Appellant's face and gun, and his hand on the counter. Fingerprints obtained from the counter matched Appellant's on the automated fingerprint identification system ("AFIS"). Police officers recovered clothing in Appellant's car that matched that worn by Appellant during the robbery as seen on the surveillance tapes. The Commonwealth charged Appellant with Robbery, Possession of a Firearm with Intent to Employ It Criminally, and Theft-Unlawful Taking.

On June 15, 2016, the court appointed Nicholas Reifsnyder, Esq., to represent Appellant. On September 16, 2016, Mr. Reifsnyder informed the trial court that discovery was complete. The court scheduled trial to begin December 12, 2016.

At a pre-trial conference on December 7, 2016, Appellant informed the court that he wanted to represent himself. The trial court conducted a **_Grazier_** colloquy[2] and found that Appellant's waiver of counsel was knowing, intelligent, and voluntary. The court appointed Mr. Reifsnyder as standby counsel. Appellant, now representing himself, then requested a continuance because he did not have the discovery materials. The court denied the continuance request but asked the prosecutor to provide Appellant with the documents that it had previously provided to Mr. Reifsnyder. The Commonwealth did so and gave Appellant "two additional items. . . in an

_____

[2] **_Commonwealth v. Grazier_**, 713 A.2d 81, 82 (Pa. 1998).

abundance of caution:" the Commonwealth's fingerprint expert's report (which the Commonwealth believed it had already provided to Appellant's counsel), as well as the expert's *curriculum vitae* and slides that the expert planned to use during his testimony. N.T. Pretrial, 12/7/16, at 14. The prosecutor also showed Appellant the surveillance video at the pretrial conference. Appellant did not request that the Commonwealth provide the actual, or copies of, the latent fingerprints upon which the expert based his report.

On December 12, 2016, the first day of trial, Appellant requested another continuance, which the court denied. The court again conducted a colloquy with Appellant regarding his decision to proceed *pro se* and again found Appellant's waiver of counsel to be voluntary, knowing, and intelligent.

On December 13, 2016, prior to the Commonwealth presenting its case to the jury, Appellant asked Mr. Reifsnyder to inform the court that the Commonwealth had not provided the actual or scanned copies of the latent fingerprints in the discovery materials. Mr. Reifsnyder did so and asserted that the Commonwealth had been obligated to include the latent fingerprints in the discovery documents. The court disagreed, analogizing the actual fingerprints to a gun which would never be produced as part of discovery materials.[3] The court further noted that while copies or pictures of latent prints are sometimes used at trial, in most cases it is the fingerprint expert's

---

[3] N.T. Trial, 12/13/16, at 206.

report that is, and was in this case, produced in discovery.[4] Mr. Reifsnyder insisted that the Commonwealth's failure to produce the latent prints or copies of the prints as a part of discovery should "be held against the Commonwealth," clarifying for the court that he believed the Commonwealth "should not be allowed to display or do anything with the fingerprint evidence." N.T. Trial, 12/13/16, at 211.

The court denied the motion and, after counsel again insisted that a copy of the fingerprint not be published to the jury because it had not been produced in discovery, the Commonwealth indicated it would only show a copy of the fingerprint to one of the investigators during his testimony, but not to the jury. The court directed the Commonwealth to provide a hard copy of the fingerprint to Mr. Reifsnyder and Appellant to view during lunch.[5]

The Commonwealth presented its case, which included testimony from numerous police investigators, a victim, and the Commonwealth's fingerprint expert, Trooper Jeffrey Custer.[6] In his cross-examination of Trooper Custer, Appellant focused solely on whether Trooper Custer had brought a copy of the

_____

[4] N.T. Trial, 12/13/16, at 205-210.

[5] *Id*. at 212.

[6] When the Commonwealth showed copies of the latent fingerprints obtained from the Circle K counter, it marked them for identification as C-12 and C-13. However, these exhibits were never admitted into evidence or published to the jury during anyone's testimony.

latent fingerprints to trial.[7]  He did not address the fingerprint report upon which Trooper Custer based his testimony or otherwise challenge its validity.

On December 14, 2016, the jury found Appellant guilty of the above offenses.[8]  On May 25, 2018, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. [9,10]  This Court affirmed the judgment of sentence and our Supreme Court denied allocatur on June 24, 2020.[11] His judgment of sentence, thus, became final on September 22, 2020.

**B.**

Appellant timely filed a *pro se* PCRA petition followed by an amended *pro se* PCRA petition.  On April 26, 2021, the trial court appointed Damien D. Brewster, Esq., as PCRA counsel.  Mr. Brewster filed an Amended PCRA petition alleging that Mr. Reifsnyder provided ineffective assistance as pretrial counsel by (1) failing to request or compel the Commonwealth to produce the latent and reference fingerprints obtained from the Circle K counter; (2) failing to investigate a misidentification defense; (3) informing the court that

---

[7] ***See****, **e.g., id**. at 355-359.

[8] The court found Appellant guilty of Person Not to Possess Firearms.

[9] The delay between the verdict and the imposition of judgment of sentence resulted from Appellant filing a premature appeal and, after this Court quashed that appeal, the court continuing sentencing for sentencing memoranda and a presentence investigation and report.

[10] Mr. Riefsnyder filed a motion to withdraw his representation on July 3, 2018.

[11] ***Commonwealth v. Faison,*** No. 1918 EDA 2018 (Pa. Super. Nov. 19, 2019) (unpublished memorandum), *appeal denied*, 236 A.3d 1049 (Pa. 2020).

discovery was complete when Mr. Reifsnyder had not made the fingerprint request; and (4) incorrectly assuring Appellant that the court would either exclude reference fingerprints or grant a continuance, causing Appellant to rely on this fact in his opening statement.[12] Counsel also sought an evidentiary hearing and requested leave to obtain the latent fingerprints and funds to obtain his own fingerprint expert.[13]

The PCRA court issued its Notice of Intent to Dismiss PCRA Petition Without a Hearing pursuant to Pa.R.Crim.P. 907(1). Appellant requested and received an extension of time to file a response, however, Appellant never responded. On August 12, 2022, the PCRA court issued its Final Order denying Appellant's PCRA petition.

Appellant timely appealed. He filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive Rule 1925(a) Opinion. Counsel then filed a **Turner**/**Finley** Brief in this Court addressing Appellant's five issues containing multiple sub-issues which are, in essence, that: (1) pre-trial counsel was ineffective for not requesting the actual fingerprints after receiving discovery and for not investigating a mis-identification defense; and (2) the PCRA court erred in denying his Pa.R.Crim.P. 902(E) request for the

---

[12] Amended PCRA Petition, filed 8/9/21, at ¶¶15-18, 32-34, 37, 43-44.

[13] *Id.* at ¶¶55, 63-65. Counsel's Amended Petition raised other claims, but those listed here are the only claims preserved in Appellant's Pa.R.A.P. 1925(b) statement.

latent fingerprints. *See* **Turner**/**Finley** Br. at 2-3. Mr. Brewster also filed a Petition to Withdraw as Counsel.

Appellant filed a *pro se* response to counsel's **Turner**/**Finley** brief in which Appellant reiterated his request for the latent fingerprints pursuant to Pa.R.Crim.P. 902(E). In addition, Appellant asserted that PCRA counsel provided ineffective assistance by failing to argue that the trial court had violated Appellant's constitutional right to confront the Commonwealth's expert when it denied his discovery request for fingerprints. *Pro Se* Response to **Turner**/ **Finley** Brief, filed 4/17/23, at 3. Appellant implies that if PCRA counsel had made this constitutional argument, the PCRA court would have granted his request for discovery of the fingerprints under the PCRA to enable him to "properly develop and present his claim in the PCRA petition." **Id**. at 4.

**C.**

We first address Appellant's claim that PCRA counsel provided ineffective assistance.[14] *See Pro Se* Response to **Turner**/**Finley** Brief, filed 4/17/23, at 1. When an appellant raises a claim of PCRA counsel's ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." **Commonwealth v.**

---

[14] A PCRA petitioner may, with "new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).

***Bradley***, 261 A.3d 381, 403 (Pa. 2021). Here, Appellant's claim of PCRA counsel's alleged ineffectiveness is straightforward so we need not remand.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. ***Id.*** Failure to satisfy any prong of the test will result in rejection of the appellant's claim. ***Id.***

"Arguable merit exists when the factual statements are accurate and could establish cause for relief." ***Commonwealth v. Urwin***, 219 A.3d 167, 172–173 (Pa. Super. 2019). "Whether the facts rise to the level of arguable merit is a legal determination." ***Id.*** (citation omitted).

Here, Appellant is asserting PCRA counsel was ineffective for, in essence, failing to proffer an argument to support his PCRA request for discovery.

A PCRA petitioner's request for discovery is governed by Pa.R.Crim.P. 902(E)(1), which provides: "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "Mere speculation that exculpatory

evidence might exist does not constitute an exceptional circumstance warranting discovery." ***Commonwealth v. Frey***, 41 A.3d 605, 612 (Pa. Super. 2012). Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define "exceptional circumstances," but this Court has held that it is within the PCRA court's discretion to determine "whether a case is exceptional and warrants discovery." ***Commonwealth v. Watley***, 153 A.3d 1034, 1048 (Pa. Super. 2016) (citation omitted). This Court "will not disturb the PCRA court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." ***Id.*** (citation omitted).

In his challenge to PCRA counsel's stewardship, Appellant has failed to address the case law defining exceptional circumstances or what PCRA counsel could have argued to prove exceptional circumstances justifying the grant of discovery. Thus, he has failed to demonstrate the arguable merit of his claim of PCRA counsel's ineffectiveness. Moreover, he has presented no argument with respect to the third prong of the ineffectiveness test, *i.e.*, that but for PCRA counsel's omission, the PCRA court would have granted the discovery request. Appellant has, thus, failed to establish that PCRA counsel provided ineffective assistance.

**D.**

Relatedly, Appellant also asserted in his counseled PCRA petition that the PCRA court erred in denying his request for discovery of the latent fingerprints. For reasons similar to those set forth above, we conclude the PCRA court

properly exercised its discretion in denying Appellant's request for the latent fingerprints. Appellant has neither presented any argument to this Court that the fingerprints are exculpatory nor otherwise supported his request with an explanation of extraordinary circumstances. Accordingly, this claim warrants no relief.

**E.**

Before we address the merits of the remaining issues presented in the *Turner*/*Finley* brief, we review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, diligent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019). Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Attorney Brewster has complied with each of the above requirements. Counsel has presented a comprehensive review of the issues Appellant seeks to raise on appeal and addressed the

PCRA court's analysis before concluding that the PCRA court's decision is free of legal error and supported by the record. ***Turner***/***Finley*** Br. at 5-28. In addition, Attorney Brewster sent Appellant copies of the ***Turner***/***Finley*** Brief and his petition to withdraw and advised Appellant of his rights in lieu of representation. ***Id.,*** Br., App'x C & D. Having determined that counsel has complied with the ***Turner***/***Finley*** requirements, we grant counsel's request to withdraw. We now conduct an independent review of the record to determine the merits of the claims raised in the ***Turner***/***Finley*** Brief. ***Walters***, 135 A.3d at 591. Based on our review, we agree that Appellant's issues are without merit.

## F.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). The decision to hold a hearing "will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

After careful review, we find that the PCRA court did not abuse its discretion in denying Appellant relief in regard to the two categories of error he presents to this Court: (1) that pretrial counsel was ineffective because he failed to request the latent fingerprints, and (2) that counsel failed to investigate a misidentification defense.

**Counsel's failure to request latent fingerprints**

With respect to Appellant's claim that pretrial counsel provided ineffective assistance by failing to request the latent fingerprints obtained from the Circle K counter, the PCRA court stated in its Rule 1925(a) opinion that Appellant could not satisfy the first and third prongs of the test for ineffectiveness. PCRA Ct. Op. at 9. The court found that the underlying claim lacked arguable merit because Appellant failed to provide any factual support to indicate the fingerprints would have been exculpatory, and there was no prejudice because Appellant "cannot establish that the outcome of the

proceedings would have been different but for [counsel's] action or inaction." *Id.* at 8-9.

In the *Turner*/*Finley* brief, counsel addresses this claim by noting that Appellant could not "advance any additional factual support" for his claim and opines that the lack of additional evidence "compels a similar result" as that found by this Court in addressing Appellant's *Brady*[15] claim on his direct appeal—that Appellant could not show prejudice.[16] *Id*. Counsel also opined that Appellant could not meet the second prong, as pretrial counsel had a reasonable basis for his decision not to request fingerprints.[17] *Id.* at 9-10.

Based on our review, we conclude the PCRA court did not abuse its discretion in denying relief. As that court noted, this claim is "based on pure speculation as to what might have been uncovered" and provides "no factual support." PCRA Ct. Op. at 8. Moreover, in light of the other evidence

_____

[15] *Brady v. Maryland*, 373 U.S. 83 (1963).

[16] In his direct appeal, Appellant raised a *Brady* claim regarding the Commonwealth's failure to provide the reference fingerprints in discovery. This Court found that Appellant could not demonstrate that he suffered prejudice from the omission because he failed to "establish that it was more likely than not that the result of the proceeding would have been different had he received the fingerprints," provided no support for the assertion the prints were exculpatory, and only "suggest[ed]" the fingerprints might have been used to impeach the expert." *Commonwealth v. Faison*, No. 1918 EDA 2018 (Pa. Super., Nov. 19, 2019).

[17] In pretrial counsel's experience, the Commonwealth would not provide latent fingerprints unless requested. The Commonwealth would then either not use them at trial or be precluded from using them.

supporting Appellant's conviction, *i.e.*, the video recordings clearing showing his face, video recording clearly showing Appellant's hand placed on the counter, the clothes in his car matching those he was wearing during the robberies, and the fingerprint expert's testimony and report incriminating Appellant, Appellant cannot show that the outcome of trial would have been different if counsel had requested the latent fingerprints before trial. This ineffectiveness claim, thus, warrants no relief.

**Misidentification Investigation**

In his second ineffectiveness claim, Appellant argues that counsel provided ineffective assistance by failing to pursue a misidentification defense. The PCRA court concluded that pre-trial counsel had a reasonable basis for not investigating a misidentification defense because there was "clear, overwhelming" evidence that it was Appellant who committed the robbery. PCRA Ct. Op. at 10.

Based on our review, we find the PCRA court did not abuse its discretion in concluding Appellant's ineffective assistance claim warranted no relief. There was overwhelming evidence of Appellant's guilt, specifically the video that showed his face. PCRA Ct. Op. at 10-11. Because of this strong evidence, Appellant cannot establish that but for pre-trial counsel's failure to present a misidentification defense, the outcome of the trial would have been different.

Moreover, Appellant chose to represent himself beginning with the pretrial conference and, thus, could have investigated and presented a

misidentification defense at trial. "[A] defendant who chooses to represent himself cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel." **Commonwealth v. Spotz**, 47 A.3d 63, 83 (Pa. 2012). "When a defendant elects to proceed at trial *pro se*, the defendant—and not standby counsel—is in fact counsel of record and is responsible for trying the case." **Id.** "Appellant cannot shift the responsibility for his own performance to stand-by counsel, 'who occupied only an advisory role.'" **Commonwealth v. Sims**, 549 A.2d 1280, 1282 (Pa. Super. 1988). Appellant's ineffectiveness claim fails to garner relief.

### G.

In conclusion, we find that the PCRA court properly exercised its discretion in denying relief without a hearing. The issues addressed in the **Turner/Finley** letter have no merit. In addition, our independent review of the record reveals there are no non-frivolous issues to be raised on appeal. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm the PCRA court's Order dismissing Appellant's PCRA petition.

Petition to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2023