**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Miguel GARCIA, Appellee.**

Superior Court of Pennsylvania.

Submitted May 20, 2013.

Filed July 25, 2013.

Hugh J. Burns, Jr., Assistant District Attorney and Suzan E. Wilcox, Assistant

District Attorney, Philadelphia, for Commonwealth, appellant.

Kevin V. Mincey, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., PANELLA, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

The Commonwealth appeals from the March 26, 2012 Order entered in the Court of Common Pleas of Philadelphia County dismissing the criminal charges filed against Appellee Miguel Garcia and discharging him.[1] The Commonwealth argues the trial court erred in dismissing the charges on the basis the Commonwealth failed to comply with the discovery order, which directed the Commonwealth to turn over DC numbers[2] and arrest paperwork related to the confidential informant ("CI") in question. We reverse and remand for further proceedings consistent with this decision.

Appellee was arrested and charged with Possession with Intent to Deliver, 35 P.S. § 780–113(a)(30), Criminal use of a Communication Facility, 18 Pa.C.S.A. § 7512, and Intentional Possession of a Controlled Substance by a Person Not Registered, 35 P.S. § 780–113(a)(16). On September 1, 2010, he proceeded to a preliminary hearing, at which the Commonwealth set forth the following evidence: After receiving information from a fellow officer concerning the sale of heroin, Officers Rich and McGrory met with a CI on August 10, 2010. N.T. 9/1/10 at 4. The officers checked the CI for contraband and United States currency, with negative results. *Id.* The officers gave the CI $20.00 in prerecorded buy money and directed him to make a purchase from 719 Ellsworth Street by calling 267–323–6100. N.T. 9/1/10 at 5. The CI had a drug-related conversation with the person on the other end, who directed him to go to the 700 block of Ellsworth Street. *Id.* Officers Rich and McGrory then observed Appellee exit 719 Ellsworth Street and walk up to the CI. *Id.* After a brief conversation, the CI handed Appellee the prerecorded buy money, and in exchange, Appellee handed the CI small blue objects. *Id.* The CI subsequently gave this contraband directly to the officers. *Id.* The blue objects were stamped with the words "DEF TRAP", and were later determined to contain heroin. N.T. 9/1/10 at 6.

After obtaining a search warrant, on August 12, 2010, Officer Rich and two fellow officers parked on the 700 block of Ellsworth Street. N.T. 9/1/10 at 6. After observing Appellee exit 719 Ellsworth Street, the officers exited their vehicle and stopped him. *Id.* Officer Rich's fellow officer recovered from Appellee's person one clear baggie, which contained two bundles of heroin (28 packets in all) stamped "The Best." *Id.* The officer also recovered five more packets of heroin from Appellee's waistband; two were stamped "The Best," the other three were stamped "Slick." N.T. 9/1/10 at 7. Additionally, the officer

---

* Retired Senior Judge assigned to the Superior Court.

1. We note that, since the order entered March 26, 2012 disposed all of claims, it is a final order under Pa.R.A.P. 341(b)(1). *See* Pa. R.A.P. 341(b)(1) (a final order is any order that ... disposes of all claims). Furthermore, since this order is final and it is a criminal matter, the Commonwealth may appeal the order under Pa.R.A.P. 341(e). *See* Pa.R.A.P.

341(e); *Commonwealth v. Anderson*, 428 Pa.Super. 92, 630 A.2d 47, 49 (1993) (order terminating prosecution of charges was final order from which Commonwealth properly could appeal).

2. "DC numbers" refers to District Control Numbers, which are used by the police to codify criminal cases.

recovered from Appellee a cell phone, which matched the number the CI had called on August 10, 2010. *Id.*

The officers then executed the search warrant on 719 Ellsworth Street. *Id.* Inside the residence, officers found another bundle of heroin (14 packets), which was stamped "Pit Bull." *Id.* Finally, the officers recovered from the residence Appellee's Pennsylvania ID card as well as two pieces of mail with Appellee's name and address. N.T. 9/1/10 at 7.

After the charges against Appellee were bound over for trial, Appellee made a discovery request, in which he asked the Commonwealth to provide documentation for "all matters" in which the police had used the CI in any narcotics investigation. N.T. 11/15/11 at 7. The stated purpose for such a request was "to check the veracity of the police officer" at the preliminary hearing.[3] *Id.* The Commonwealth objected to Appellee's discovery request, stating that such a request was "a round-about way of asking for a CI motion" and that the request's true purpose was to learn the identity of the CI. *Id.*

The trial court found Appellee's initial discovery request to be "too broad," but ruled Appellee could have "some small amount of DC numbers" and police paperwork to accompany "one or two of those . . . if you can tell me why you need those in addition to DC numbers." N.T. 11/15/11 at 8. Appellee's counsel responded, "DC numbers don't do anything for me." *Id.* The trial court then directed Appellee to ask "the detective"[4] to furnish "half a dozen DC numbers and police pa-

perwork on two of those at the detective's choosing." N.T. 11/15/11 at 8–9.

The Commonwealth refused to comply with this discovery order and sought reconsideration. At the hearing for reconsideration, the Commonwealth argued the trial court's discovery order "puts the identity of the CI . . . at risk." N.T. 2/3/12 at 6. The Commonwealth further argued that Appellee's discovery request was simply an attempt at investigating the identity of the CI without filing a CI motion. *Id.* Appellee's counsel counter-argued that the requested information was "the only way I can test the truthfulness" of Officer Rich's preliminary hearing testimony that he believed the CI had been used "25 or 30 times" before. N.T. 2/3/12 at 11.

After the hearing for reconsideration, the trial court refused to alter its previous discovery order. However, the trial court instructed Appellee's counsel that he was prohibited from sharing the requested information with his client without first petitioning the trial court. N.T. 2/3/12 at 15. The Commonwealth refused to disclose any of the requested information, and accordingly, the trial court dismissed all charges against Appellee on March 26, 2012. N.T. 3/26/12 at 10. This timely appeal by the Commonwealth followed, and all Pa.R.A.P. 1925 requirements have been met.

The Commonwealth argues the trial court erred in ordering the Commonwealth to turn over DC numbers and arrest paperwork. Specifically, the Commonwealth argues the trial court abused its discretion in concluding Appellee met his burden of proving the information sought through

---

**3.** Specifically, Appellee indicated he sought to check the veracity of Officer Rich's cross-examination testimony at the preliminary hearing in which Officer Rich testified he had used the CI "at least, say 25 to 30 times" before. N.T. 9/1/10 at 10.

**4.** There was some confusion in identification during the hearing; by "detective", the court means Officer Rich.

discovery was material, reasonable, and in the interests of justice.

Here, the trial court found discovery of the requested information was warranted pursuant to Pa.R.Crim.P. 573(B)(2)(a)(iv), which provides, in relevant part, the following:

### Rule 573. Pretrial Discovery and Inspection

#### (B) Disclosure by the Commonwealth

\*     \*     \*

(2) *Discretionary With the Court.*

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

\*     \*     \*

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(13)(2)(a)(iv) (emphasis in original). Thus, under the Rule at issue, Appellee had the burden of proving (1) his request for the DC numbers and corresponding arrest paperwork was material to the preparation of his defense, (2) the request was reasonable, and (3) the information disclosed by the request would be in the interests of justice. We review the trial court's ruling in this regard for an abuse of discretion. *See Commonwealth v. Snell,* 811 A.2d 581 (Pa.Super.2002). For the reasons more fully discussed *infra,* we

conclude Appellee did not meet his burden under Rule 573(13)(2)(a)(iv), and therefore, the trial court abused its discretion in ordering the Commonwealth to provide Appellee with the DC numbers and corresponding arrest paperwork.

■      With regard to Appellee's burden of proving the requested information is material and reasonable, a defendant must show a reasonable probability that the information gained from the discovery would lead to evidence that would exonerate him. *See Commonwealth v. Belenky,* 777 A.2d 483 (Pa.Super.2001). More than a mere assertion that the information disclosed might be helpful is necessary. *See id.*

Here, Appellee averred he required DC numbers and corresponding arrest paperwork related to the CI to impeach Officer Rich's preliminary hearing testimony that the CI had been used "25 or 30 times" before. Presumably, as the trial court noted, Appellee sought to demonstrate the CI never engaged in a drug transaction with Appellee. Trial Court Opinion filed 1/9/13 at 5. One way in which to achieve this goal was to "cast doubt on whether this CI even existed in the first place" by examining the police documents to determine whether the CI had been used in the past. Trial Court's Opinion filed 1/9/13 at 5.

However, as the Commonwealth points out, this case was not premised solely on police testimony from a single controlled buy by a CI. Rather, the police using the CI at issue had received information from a fellow officer concerning Appellee's alleged drug activities. Moreover, the police, in executing the search warrant, personally observed Appellee exit 719 Ellsworth Street and searched him, finding heroin and a cell phone with the registered number of 267–323–6100 on his person. Upon executing the search warrant on the residence, the police dis-

covered additional heroin, as well as identification and mail linking Appellee to the residence. The CI was not present during the search of either Appellee's person or his residence, and therefore, the CI has little impact concerning this evidence. Thus, contrary to the trial court, we conclude Appellee failed to demonstrate that the DC numbers and arrest paperwork related to the use of the CI in this case was either material to the preparation of Appellee's defense or a reasonable request. *See* Pa.R.Crim.P. 573(B)(2)(a)(iv); *Commonwealth v. King*, 932 A.2d 948 (Pa.Super.2007). It follows as well that such disclosure would not be in the interests of justice. *See id.*

For all of the foregoing reasons, we conclude the trial court abused its discretion in finding Appellee met his burden for discovery under Pa.R.Crim.P. 573(B)(2)(a)(iv) and in dismissing the criminal charges based on the Commonwealth's failure to provide the information to Appellee. Accordingly, we reverse and remand for further proceedings.

Order Reversed; case remanded for further proceedings; Jurisdiction is relinquished.

COLVILLE, J. CONCURS IN THE RESULT.