J-S11042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1351 WDA 2016 |
| ROBERT PETER GILL, JR. | | |

Appeal from the Order Entered September 2, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000908-2015

BEFORE:   OLSON, RANSOM, JJ., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 06, 2019**

The Commonwealth appeals from the September 2, 2016, order entered in the Court of Common Pleas of Mercer County granting Appellee Robert Peter Gill, Jr.'s amended motion *in limine* for the admission of evidence of similar crimes, behaviors, and/or acts, as well as granting Appellee's pre-trial discovery motion.[1]  The Commonwealth's appeal is before us pursuant to the Pennsylvania Supreme Court's Opinion of March 26, 2019, which reversed, in

_____

[1] The Commonwealth certified in its notice of appeal that the trial court's order terminated or substantially handicapped its prosecution of Appellee.  **See** Pa.R.A.P. 311(d).   Also, we note that the Commonwealth's appeal from the discovery order constitutes a collateral order subject to review.  **See Commonwealth v. Frey**, 41 A.3d 605 (Pa.Super. 2012) (holding appeal from order requiring the Commonwealth to disclose investigative material in a related case was appealable as a collateral order since it implicated rights deeply embedded in public policy).
* Former Justice specially assigned to the Superior Court

part, and vacated, in part, our March 28, 2017, disposition and remanded to us for consideration of an outstanding appellate issue. After careful consideration, we affirm.

Our Supreme Court relevantly set forth the facts and procedural history underlying this appeal, in part, as follows:

> On June 2, 2015, Trooper Charles Turik of the Pennsylvania State Police filed a criminal complaint against [Appellee] charging him with, *inter alia*, burglary, theft by unlawful taking, receiving stolen property, and criminal trespass. The supporting affidavit of probable cause explained, in relevant part, as follows.

> On August 26, 2013, Trooper Turik was assigned to investigate an alleged burglary that occurred between July 26, 2013, and August 26, 2013, at Howard Speichler's residence on West Creek Road in French Creek Township. When Trooper Turik interviewed Speichler, he informed the trooper that someone had stolen $40,000 in $100 bills from his home. Speichler advised the trooper that he had been keeping the money in a bank bag inside of a lockbox in his basement and that the last time he knew that the money was still in the lockbox was July 26, 2013, when he placed his monthly deposit into the bag. Speichler explained that, since that time, he had not observed any signs of a forced entry into the home and that he suspected that the person who had stolen the money entered his home by way of the keypad for his garage door.

> Speichler further stated that two persons knew both the garage code and where he kept his money: his neighbor and [Appellee], who was Speichler's acquaintance. Speichler asserted that he did not suspect that his neighbor had stolen the money because Speichler had known her for over 25 years and trusted her. He further asserted that he had known [Appellee] for only a few years and that [Appellee] had financial problems, including a recent bankruptcy. Trooper Turik also interviewed [Appellee], who admitted that he knew: about Speichler's money; that Speichler kept his money in the lockbox; and where Speichler put the key to that lockbox. The trooper's investigation also revealed, *inter alia*, that [Appellee] recently had purchased a truck for $19,000 and that he had paid for the truck with $100 bills.

[Appellee] was arrested and charged with the aforementioned crimes. Eventually, prior to his trial, [Appellee] filed a document entitled "Motion for Release of Investigatory Files/Omnibus Pretrial Motion." In the motion, [Appellee] averred that he had just became aware, by way of articles in local newspapers, that Speichler accused another unknown person of stealing money from a safe located in his home between May 1, 2016, and June 23, 2016. To inspect potential similarities between the 2013 and 2016 burglaries of Speichler's home, [Appellee] asked the trial court to enter an order allowing him to access the State Police's investigatory file concerning the 2016 incident. The court granted [Appellee's] motion.[2]

On August 1, 2016, [Appellee] filed a document entitled "Motion In Limine for Admission of Evidence of Similar Crimes" ("Motion In Limine"). Building upon his previous motion, [Appellee] stated that his review of the State Police's file revealed substantial similarities between the 2013 burglary and incidents that occurred at Speichler's residence in 2016. Regarding the 2016 incident, [Appellee] indicated that Speichler accused an unknown person of entering and burglarizing his home on two occasions – June 23, 2016, and June 26th or 27th of 2016.

[Appellee] stated that the allegations regarding the June 23, 2016, burglary appeared to be virtually identical to the circumstances surrounding the 2013 burglary that he was accused of perpetrating. Specifically, [Appellee] averred that the June 23, 2016, incident involved: (1) approximately $40,000 in stolen money; (2) money stolen from a safe/lockbox; (3) a perpetrator, perhaps known by Speichler, who used a key to access the safe/lockbox; (4) no sign of forced entry; rather, the perpetrator entered the home through a door that Speichler typically kept unlocked; [(5)] a perpetrator who knew about the safe/lockbox; and [(6)] a crime that occurred within a one-month time range.

_____

[2] Specifically, by order entered on July 13, 2016, the trial court directed the Commonwealth to permit defense counsel to review the police reports pertaining to the burglary allegations occurring between May 1, 2016, and June 23, 2016. The order did not pertain to the June 26/27, 2016, burglary allegations. Further, the order indicated the Commonwealth was not required to provide copies of the materials to defense counsel and specifically prohibited defense counsel from sharing with Appellee the information contained in the investigatory files without further court order. The Commonwealth did not appeal the July 13, 2016, order.

[Appellee] did not describe the alleged June 26/27, 2016, incident in detail. In fact, he conceded that this incident differed from the other two burglary allegations in that it involved a forced entry into Speichler's home.

Regarding the admissibility of evidence concerning both the June 23rd and June 26th/27th incidents, [Appellee] contended that "[e]vidence is always relevant and material if it tends to show a specific crime of which a [d]efendant stands accused was committed by someone else." Motion In Limine at ¶ 12. More specifically, [Appellee] relied on the Superior Court's decision in **Commonwealth v. Rini**, 285 Pa.Super. 475, 427 A.2d 1385 (1981), for the proposition that a defendant may introduce evidence at trial that someone else committed a crime which bears a highly detailed similarity to the crime with which the defendant is charged. Motion In Limine at ¶ 14. [Appellee] further suggested that Speichler's two newer, 2016 burglary allegations raise questions as to Speichler's credibility and memory. *Id.* at ¶ 20. [Additionally, in this motion, Appellee requested copies of the "June 2016 investigative reports" be provided to Appellee, with the restriction that the reports would be used solely in the course of Appellee's trial.] *Id.* at ¶ 22.

On August 25, 2016, prior to the trial court ruling on his Motion In Limine, [Appellee] filed another document, which he entitled "Amended Motion In Limine for Admission of Evidence of Similar Crimes, Behavior and/or Acts" (Amended Motion In Limine). In this motion, [Appellee] indicated that Speichler's daughter, Sandra Speichler ("Sandra"), was prepared to testify that Speichler accused her of breaking into his home and stealing $30,000 in 1995. According to [Appellee], Sandra was also willing to testify that Speichler had informed her that two other persons, William Flamm and Roy Hiles, had broken into his home and stolen tools. Thus, in addition to the 2016 incidents regarding Speichler's residence, [Appellee] asked the trial court to permit him to present evidence at trial that Speichler had accused Sandra, Flamm, and Hiles of stealing from his home.

On August 29, 2016, the trial court entertained oral argument of [Appellee's] Amended Motion In Limine. [Appellee's] argument was consistent with the position that he took in his written motions, *i.e.*, that all of Speichler's other burglary allegations were similar in nature to the allegations made against [Appellee], and therefore, tended to show that someone other than [Appellee] committed the 2013 break-in and that Speichler's credibility was faulty. The Commonwealth, on the other hand,

contended that the trial court should deny the Amended Motion In Limine because the circumstances surrounding the 2013 burglary were insufficiently similar to the various incidents cited by [Appellee], rendering evidence of those incidents inadmissible at trial.

\*\*\*

At the end of the hearing, the trial court denied in part and granted in part [Appellee's] Amended Motion In Limine. Specifically, the court decided not to allow [Appellee] to present testimony from Sandra. However, the court believed that the June 23, 2016, burglary was significantly similar and close enough in time to the 2013 burglary to allow [Appellee] to present evidence of it at his trial. Accordingly, the court entered an order reflecting "that the incident from 2016 shall be permitted." Trial Court Order, 9/2/2016. In the same order, the court directed the Commonwealth to provide [Appellee] "all reports, statements and investigatory files regarding the 2016 incident[.]"[3] *Id.*

\*\*\*

The trial court subsequently offered a brief Pa.R.A.P. 1925(a) opinion. In support of its decision to grant in part [Appellee's] motion, the court noted several similarities between the 2013 and June 23, 2016, burglaries. In particular, the court observed that the "victim was the same, the amount of money was the same, there was no sign of forced entry, and the lockbox was accessed with a key." Trial Court Opinion, 10/19/2016, at 1. The court further observed that it "found that these similarities were relevant" and that "the probative value of these facts outweighed the prejudicial effect to the victim." *Id.* The court believed that, at a minimum, [Appellee] should be permitted to

_____

[3] As the Supreme Court noted, the trial court's order was unclear as to whether the order related solely to the June 23, 2016, burglary or whether it included the subsequent June 26/27, 2016, burglary allegation. Out of an abundance of caution, in our initial decision, this Court addressed the admissibility of evidence concerning both 2016 incidents. However, upon review, the Supreme Court concluded that the trial court's order related solely to the admissibility of the June 23, 2016, burglary, and Appellee had preserved solely issues related thereto. *Commonwealth v. Gill*, ___ A.3d ___, 2019 WL 1348188, *3 n. 1 (Pa. filed 3/26/19). Similarly, the trial court's order directing the Commonwealth to provide Appellee with all reports, statements, and investigatory files regarding "the 2016 incident" pertains solely to the June 23, 2016, burglary.

cross-examine Speichler about the similarities between the 2013 and the June 23, 2016, burglaries.

***Commonwealth v. Gill***, \_\_\_\_ A.3d \_\_\_\_, 2019 WL 1348188 (Pa. filed 3/26/19)

(footnote omitted) (footnotes added) (internal citation omitted).

Additionally, in its Rule 1925(a) opinion, as to granting Appellee's request for copies of the investigatory files for the June 23, 2016, burglary, the trial court explained the following:

> With respect to the furnishing of investigatory files, this Court notes the previous court order dated July 11, 2016[,] issued by the Honorable Robert Yeatts. That order allowed Appellee access to the investigative files for the 2016 burglary. However, the Commonwealth was not required to provide copies. In light of the order of August 29, 2016, this Court finds it would now be appropriate for the Commonwealth to furnish copies with the understanding that [defense] counsel will not disseminate any information from those files without further order of court.

Trial Court Opinion, filed 10/16/2016, at 2.

As indicated *supra*, the Commonwealth filed a notice of appeal from the trial court's order, and in a published Opinion, this Court held that the 2013 and 2016 burglaries were not so similar, distinctive, or unusual to suggest that they were the handiwork of one individual. ***Commonwealth v. Gill***, 158 A.3d 719 (Pa.Super. 2017). "Based on the aforementioned, and additionally in light of the remoteness of time between the 2013 and 2016 incidents," we held the trial court erred in permitting the entry of evidence from the 2016

burglaries.[4]  *Id.* at 727.  Consequently, we reversed the trial court's order and remanded for further proceedings.

In light of our holding, we specifically noted that it was unnecessary for us to address the Commonwealth's remaining issue: whether the trial court erred in ordering the Commonwealth to provide Appellee with copies of all reports, statements, and investigatory files regarding the 2016 burglary incident.  *See id.* at 727 n. 5.  Specifically, we noted the trial court ordered such disclosure solely in support of its ruling that the 2016 incident was admissible to prove Appellee did not commit the 2013 burglary, and as we reversed the order, it was unnecessary to address the remaining issue.[5]  *See id.*

Appellee subsequently filed a petition for allowance of appeal, which our Supreme Court granted.  Specifically, the Supreme Court granted allowance of appeal to address the narrow issue of whether this Court applied the appropriate standard of review in reversing the trial court's order.  Ultimately,

---

[4] As indicated *supra*, due to the ambiguous nature of the trial court's order, we addressed the admissibility of the evidence regarding both the June 23, 2016, burglary and June 26/27, 2016, burglary allegations; however, our Supreme Court concluded the trial court's order related solely to the admissibility of the June 23, 2016, burglary.

[5] As indicated *supra*, the trial court's order directing the Commonwealth to furnish copies of the investigative reports pertains solely to the June 23, 2016, burglary.

the Supreme Court concluded this Court "effectively substituted its judgment for that of the trial court." **Gill**, **supra**, 2019 WL 1348188, at *7.

Further, noting it was "intimately familiar with the application of the abuse-of-discretion standard of review," **id.**, the Supreme Court undertook its own review of the trial court's order to determine whether the trial court abused its discretion in concluding the June 23, 2016, burglary was admissible at Appellee's trial for the 2013 burglary. After indicating the admissibility of the evidence was "a close call," and "[u]ltimately, reasonable minds may differ as to how a trial court should rule on [Appellee's] Amended Motion In Limine[,]" the Supreme Court concluded the appellate court should defer to the trial court's ruling. **Id.** at *7-8.

Thus, the Supreme Court reversed this Court's decision insomuch as it reversed the trial court's order granting Appellee's motion *in limine*. Additionally, the Supreme Court vacated the portion of this Court's decision related to the issue of whether the Commonwealth was required to provide Appellee with copies of all reports, statements, and investigatory files pertaining to the June 23, 2016, incident, and remanded to this Court so that we could consider this remaining issue. With this procedural history in mind, we now turn to the Commonwealth's remaining claim.

The Commonwealth contends the trial court abused its discretion in ordering the Commonwealth to provide Appellee with copies of the reports, statements, and investigatory files pertaining to the June 23, 2016, burglary.

Specifically, the Commonwealth contends the material is not subject to mandatory discovery under Pa.R.Crim.P. 573(B)(1), and to the extent Appellee sought discovery of the material under Pa.R.Crim.P. 573(B)(2), the trial court abused its discretion.

Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. **Commonwealth v. Smith**, 955 A.2d 391, 394 (Pa.Super. 2008) (*en banc*). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Antidormi**, 84 A.3d 736, 749-50 (Pa.Super. 2014) (citations omitted).

Initially, we note the trial court's September 2, 2016, discovery order at issue, which directed "the Commonwealth shall provide to the defendant copies of all reports, statements and investigatory files regarding the 2016 incident," was premised upon, in part, the trial court's July 13, 2016, order, which directed "the Commonwealth shall secure or provide access to the police reports contained in the Pennsylvania State Police investigation concerning allegations relating to the burglary/theft of the victim, Howard Speichler, between the dates of May 1, 2016, and June 23, 2016." As indicated *supra*, the Commonwealth did not challenge on appeal the propriety of the July 13, 2016, order. In any event, for the reasons discussed *infra*, we conclude the

trial court did not abuse its discretion in directing the Commonwealth to provide copies of all reports, statements, and investigatory files to Appellee regarding the June 23, 2016, burglary.

Pennsylvania Rule of Criminal Procedure 573 relevantly sets forth the following regarding disclosure of materials by the Commonwealth:

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

(c) the defendant's prior criminal record;

(d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

(e) any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and

(g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

(2) *Discretionary With the Court.*

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses;

(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

(iii) all written and recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not; and

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(B) (emphasis in original).

In the case *sub judice*, assuming, *arguendo*, the materials do not fall under Pa.R.Crim.P. 573(B)(1)'s mandatory discovery provision, we conclude the trial court did not abuse its discretion in ordering the Commonwealth[6] to disclose the requested items pursuant to Pa.R.Crim.P. 573(B)(2)(a)(iv). Under this Rule, Appellee had the burden of proving (1) his request for the copies of the reports, statements, and investigatory files pertaining to the

---

[6] We note the Commonwealth has not averred the items are not in its possession.

June 23, 2016, burglary was material to the preparation of his defense, (2) the request was reasonable, and (3) the information disclosed by the request would be in the interests of justice. *Commonwealth v. Garcia*, 72 A.3d 681, 684 (Pa.Super. 2013).

With regard to Appellee's burden of proving the requested information was material and reasonable, Appellee was required to show a reasonable probability that the information gained from the discovery would lead to evidence that would exonerate him. *See Commonwealth v. Belenky*, 777 A.2d 483 (Pa.Super. 2001). Here, Appellee sought discovery of the reports, statements, and investigatory files pertaining to the June 23, 2016, burglary on the basis that the items would demonstrate that he did not commit the 2013 burglary with which he was charged. In this vein, Appellee averred in his pre-trial motion that the circumstances surrounding the 2016 burglary were identical to the circumstances surrounding the 2013 burglary allegation, thus leading to the conclusion that the same person committed both crimes.

Inasmuch as our Supreme Court granted allowance of appeal and held in the instant case that the trial court did not abuse its discretion in permitting Appellee to present evidence at trial regarding the 2016 burglary on the basis it was so "substantially similar" to the 2013 burglary as to reveal the handiwork of one individual, we conclude the trial court did not abuse its discretion in finding the requested items from the 2016 investigation were material and reasonable for purposes of Appellee's preparation of his defense

for his trial on the 2013 burglary charges.[7] Additionally, it follows that such

disclosure would be in the interests of justice.[8] **See Garcia**, **supra**.

_____

[7] On appeal, the Commonwealth argues the instant case is indistinguishable from **Commonwealth v. Novasak**, 606 A.2d 477 (Pa.Super. 1992), in which this Court held the trial court did not abuse its discretion in denying the discovery request of the appellant, who was charged with various crimes after he pretended to be a police officer to gain access to a home. The appellant in **Novasak** sought information concerning police investigations of other robberies allegedly perpetrated by an actor who impersonated a police officer. However, in concluding the trial court properly denied the discovery request, this Court noted the appellant in **Novasak** never proffered to the trial court the theory that he was the victim of a mistaken identification or that the charged offenses were committed by some other person. Consequently, in **Novasak**, we held the appellant did not establish that the police reports as to the other robberies perpetrated by police impersonators were material or the request was reasonable.

However, in the case _sub judice_, unlike in **Novasak**, Appellee asserted to the trial court that he was not the person who committed the 2013 burglary and, as held by our Supreme Court, the trial court did not err in concluding the 2013 burglary and the June 23, 2016, burglary were so substantially similar that Appellee could present evidence that the person who committed the June 23, 2016, burglary was also the person who committed the 2013 burglary with which Appellee was charged.

[8] We note the Commonwealth also refers to the common-law "executive privilege" recognized in **Commonwealth v. Kauffman**, 605 A.2d 1243 (Pa.Super. 1992), for the proposition that the trial court erred in ordering the Commonwealth to disclose privileged material. Assuming, _arguendo_, the Commonwealth adequately asserted the privilege in the lower court, the Commonwealth's argument fails.

"Th[e executive privilege for information from government investigative files] is not absolute but qualified; and, when asserted, requires the court to balance the government's interest in ensuring the secrecy of the documents whose discovery is sought against the need of the private litigant to obtain discovery of the relevant materials in possession of the government." **Id.** at 1247. Further, it has been observed that "the great majority of cases that have considered the discoverability of law enforcement investigations have held that in general such discovery should be barred in ongoing investigations,

   For all of the foregoing reasons, we affirm.

   Affirmed.

   Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2019

_____

but should be permitted when the investigation and prosecution have been completed." *Id.*

   Here, as Appellee notes in his brief, the investigation pertaining to the June 23, 2016, burglary of Mr. Speicher's home is not ongoing. *See* Appellee's Brief at 23-24. Rather, a review of the Court of Common Pleas of Mercer County's certified docket reveals that Jamie Patrick Erdley pled guilty with regard thereto and was sentenced. *See* CP-43-CR-0001836-2016. Thus, the Commonwealth cannot demonstrate an interest in ensuring the secrecy of information that outweighs the need of Appellee to discover information which supports his claim that he did not commit the 2013 burglary. *Id.* Moreover, we note the trial court has directed that, while the Commonwealth is to furnish copies of the materials to defense counsel, such order was entered "with the understanding that [defense] counsel will not disseminate any information from those files without further order of court." Trial Court Opinion, filed 10/19/16, at 2.

- 14 -